**EQUAL EMPLOYMENT OPPORTU-NITY COMMISSION, Plaintiff—Appellant,**

v.

**The BOEING COMPANY and Boeing Aerospace Operations, Inc., Defendants—Appellees.**

No. 05–17386.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed July 31, 2008.

Mary Joleen O'Neill, Esquire, Equal Employment Opportunity Commission,

Phoenix, AZ, James M. Tucker, Esquire, Equal Employment Opportunity Commission, OGC, Washington, DC, for Plaintiff–Appellant.

Tibor Nagy, Jr., Esquire, Erica K. Rocush, Esquire, Ogletree Deakins Nash Smoak & Stewart, PC, Tucson, AZ, Paul D. Friedman, Esquire, Richard L. Green, Esquire, O'Steen & Harrison, Phoenix, AZ, for Defendants–Appellees.

Before: W. FLETCHER, TALLMAN, Circuit Judges, and BERTELSMAN, District Judge.*

MEMORANDUM **

Plaintiff/Appellant, the U.S. Equal Employment Opportunity Commission ("EEOC"), appeals the district court's grant of summary judgment to Defendants–Appellees, The Boeing Company and Boeing Aerospace Operations, Inc. (collectively "Boeing"), on claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., brought by the EEOC on behalf of Boeing employee Kelley Miles ("Miles"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We find that the district court erred in concluding that the EEOC failed to raise a triable issue of fact as to whether Miles was subjected to an unlawful hostile work environment on the basis of her sex and as to whether Boeing inadequately responded to her complaints.

■ Viewing the evidence in the light most favorable to Miles, see Quon v. Arch Wireless Operating Co., Inc., 529 F.3d 892, 899–900 (9th Cir.2008), a reasonable jury could infer that Miles was subjected to conduct by her male co-workers that was both objectively and subjectively offensive and that Miles was so targeted because of her gender. See Surrell v. California Water Service Co., 518 F.3d 1097, 1108 (9th Cir.2008). Miles and others testified that, from 1998 to 2001, Miles was the target of offensive and sexual language, as well as physical advances by a male co-worker, and that male co-workers interfered with various aspects of her work. Although Boeing insists that the basis for such treatment was unrelated to her gender and instead was because her co-workers disliked her, "a counterweight is not enough to eliminate the need for a fact-finder to weigh the facts on both sides." Davis v. Team Elec. Co., 520 F.3d 1080, 1093 (9th Cir.2008).

■ In our view, the EEOC similarly raises a genuine issue of material fact as to whether Boeing adequately responded to Miles' complaints of harassment. While Boeing terminated one offending male employee and disciplined another, a reasonable jury could find that these two employees were part of a much larger problem with respect to Miles' treatment. See McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1118–19 (9th Cir.2004) (holding that district court improperly considered the sufficiency of employer's remedial measures on "event-by-event" basis). There was evidence in the record that the employee who was eventually terminated had been transferred into Miles' department because he had repeatedly engaged in harassment of other female employees. Miles testified that, prior to 2001 when Boeing took these measures, she complained to several supervisors about ha-

---

* Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

rassing conduct by her male co-workers, but they did nothing to address it. A reasonable jury could thus infer that Boeing's duty to take remedial measures in response to Miles' complaints actually arose prior to 2001. Moreover, there is evidence that the harassment of Miles continued even after these two disciplinary measures were taken, and that Boeing knew or should have known of the continued harassment.

We also find that the district court improperly granted summary judgment on the retaliation claim. Events occurring after Miles filed her EEOC charges in 2001, viewed in totality, could support a reasonable inference that Miles was subjected to an ongoing retaliatory hostile work environment, and that Boeing knew or should have known of that retaliation. *See Ray v. Henderson,* 217 F.3d 1234, 1245 (9th Cir.2000).

REVERSED and REMANDED.